966 F.2d 701
 296 U.S.App.D.C. 181
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
FEDERATION OF POSTAL POLICE OFFICERS, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 No. 91-1438.
 United States Court of Appeals, District of Columbia Circuit.
 May 8, 1992.
 
 Before WALD, D.H. GINSBURG and HENDERSON, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion to dismiss, the opposition thereto, the motion to intervene and the opposition thereto, it is
 
 
 2
 ORDERED that the motion to dismiss be granted. Because the order at issue arises from a representation proceeding, it is not subject to judicial review. See 29 U.S.C. § 160(f); American Federation of Labor, et al. v. NLRB, 308 U.S. 401, 409 (1940); Hartz Mountain Corporation v. Dotson, 727 F.2d 1308, 1310 (D.C.Cir.1984).
 
 
 3
 Nor is review available under Leedom v. Kyne, 358 U.S. 184 (1958). The National Labor Relations Board ("NLRB") decided that the affiliations of the Fraternal Order of Police, National Labor Council, U.S.P.S. No. 2 do not render it ineligible for certification as the exclusive bargaining representative. This decision, which was based on an analysis of the facts, does not fall within the exception contemplated by the Supreme Court in Leedom v. Kyne. See Boire v. Greyhound, 376 U.S. 473, 481 (1964) (Leedom v. Kyne does not permit review of NLRB orders in certification proceedings "whenever it can be said that an erroneous assessment of the particular facts" leads the NLRB to a conclusion which does not comport with the law.) In reaching its decision in this case, the NLRB did not act in excess of its delegated powers or in contravention of a specific prohibition in the National Labor Relations Act. It is
 
 
 4
 FURTHER ORDERED that the motion to intervene be dismissed as moot.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.